LAND, J.
 

 Plaintiff is the holder of three mortgage notes, dated March 1, 1924, and aggregating the sum of $25,000. Two of the notes are for $10,000 each, and one is for $5,000. All of these notes are made by M. John Sangassan to his own order and by him indorsed, and are payable 90 days after date, with interest at 8 per cent, per annum from date until paid.
 

 Plaintiff is the holder also of a mortgage note for $12,500, dated April 17, 1924, and payable 60 days after, date, and of a mortgage note for $9,351.81, dated June 18, 1924, and payable November 1, 1924, after date. Each of these notes is made by M. John Sangassan to his own order and by him indorsed, and bears interest at 8 per cent, per annum from date until paid.
 

 None of these notes held by plaintiff was paid at maturity. The property was seized and sold, and adjudicated for the price of $151,000 in the matter entitled Mrs. R. Marks v. M. John Sangassan,
 
 No.
 
 156040, on the docket of division C of the civil district court for the parish of Orleans.
 

 After the payment of costs of foreclosure, prior mortgages with interest, and prior liens, plaintiff received only $26,917.38 on her three mortgage notes of date March 1, 1924, aggregating the sum of $25,000.
 

 At the date of the foreclosure, these notes with interest amounted to $29,315.01, and, after the payment of the above amount, a balance was left due of $2,397.63.
 

 Plaintiff realized nothing on her mortgage note of $12,500 and nothing on her mortgage note of $9,351.68.
 

 Among the items paid in the foreclosure proceedings, by preference over these mortgage notes are liens for labor and material in the sum of $10,005.02.
 

 Plaintiff is protected as to the payment of these mortgage notes by a lien indemnity bond executed by Sangassan, as owner, and by defendant company, as surety. Plaintiff cannot hold the bonding company liable for her entire loss exceeding $23,000. However, it is clear that plaintiff’s loss was occasioned by the existence of the labor and material liens which defendant surety company had bound itself to remove, as the amount of these liens ($10,005.02) had been deducted from the price of adjudication, and had been paid by priority over plaintiff’s mortgage notes.
 

 Plaintiff recovered judgment in the lower court for the sum of $10,005.02 to cover her loss on her mortgage notes. Defendant surety company has made the same defenses in this suit as in the companion case of E. A. Parsons v. United States Fidelity & Guaranty Company et al., No. 28,728 on our docket, 117 So. 817, with the exception of the completion clause, which is not contained in the bond sued on in this case.
 

 Another difference between the two cases is found in the defense in the case at bar that, as Parsons paid only $8,004.05 in buying in the liens of $10,005.02, he can recover from the bonding company that amount only.
 

 The lien indemnity bond upon which plaintiff relies, while executed in favor of E. A. Parsons as obligee, is made also in favor of any holder of the mortgage notes.
 

 Plaintiff, as the holder of these notes, is a
 
 *759
 
 distinct person from E. A. Parsons, original obligee in the bond, and is entitled to sue on this bond, in the present ease, in her separate individual capacity.
 

 Therefore, regardless of the fact that Parsons bought in these liens at a discount in the foreclosure proceedings in this case, Mrs. R. Marks, the plaintiff herein, suffered, as against her mortgages, the full loss of $10,-005.02 by the payment of these liens out of the price of adjudication and by priority over her mortgage notes. This defense of the bonding company is therefore without merit in the present case.
 

 Practically the same issues here involved are discussed and decided in the suit of B. A. Parsons v. United States Fidelity & Guaranty Company et al., this day handed down.
 

 For the reasons assigned in that case, and under the state of facts found in the present ease, we are of the opinion that the judgment appealed from is correct.
 

 Judgment affirmed.